**FELEI P. MISAALEFUA, LEMAGA F. FAOA, MALAE TITO, MANU MA`ATIFA ELEASARO, and SUA PUTUGA POTASI, Appellants,**

v.

**TAUILIILI J. HUDSON, Appellees.**

High Court of American Samoa
Appellate Division

AP Nos. 09-95, 10-95, 11-95, 12-95, and 13-95

June 6, 1997

Before RICHMOND, Associate Justice, GOODWIN,[*] Acting Associate Justice, WALLACE,[**] Acting Associate Justice, and AFUOLA Associate Judge.

Counsel: For Appellant Felei P. Misaalefua, Afoa L. Su'esu'e Lutu
　　　　For Appellant Lemaga F. Faoa, Tautai A.F. Fa`alevao
　　　　For Appellant Malae Tito, Charles V. Ala`ilima
　　　　For Appellant Manu Ma`atifa Eleasaro, Arthur Ripley, Jr.
　　　　For Appellant Sua Putuga Potasi, Togiola T.A. Tulafono
　　　　For Appellee, Tuana'itau F. Tuia

## OPINION

RICHMOND, Associate Justice.

## Statement of Case

On August 6, 1993, Appellant Felei P. Misaalefua ("Felei") filed his succession claim to the Misaalefua title with the Territorial Registrar. His claim precipitated counterclaims by the appellants Lemaga F. Faoa ("Lemaga"), Malae Tito ("Malae"), Manu Ma`atifa Eleasaro ("Manu"), and Sua Putuga Potasi ("Sua"), and appellee Tauiliili Hudson ("Tauiliili").

A.S.C.A. § 1.0403 sets forth four criteria to be considered when deciding a matai title: (1) best hereditary right; (2) wish of majority or plurality of family; (3) forcefulness, character, personality and knowledge of Samoan custom; and (4) value of candidate to family, village and country. After a trial on the merits, the trial court found that appellant Manu Ma`atifa Eleasaro prevailed on criterion 1; that no one prevailed on criterion 2; and that Tauiliili prevailed on criteria 3 and 4. The court then awarded the title to Tauiliili. The other candidates appealed.

## Discussion

Each appellant appeals on the ground that the trial court's decision as to the various criteria was in error.

---

[*] Honorable Alfred T. Goodwin, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.
[**] Honorable J. Clifford Wallace, United States Court of Appeal for the Ninth Circuit, serving by designation of the Secretary of the Interior.

24

## A. Best Hereditary Right

Appellants raise two significant questions of law and one on factual findings relating to the trial court's decision regarding the best hereditary right. On appeal questions of law are reviewed *de novo*. A.S.C.A. § 43.0801(b). *Anderson v. Vaivao*, 21 A.S.R.2d 95, 97-98 (App. Div. 1992). In *de novo* review, the appellate court must review the record in light of its own independent judgment without giving special weight to the prior decision. *Amerika Samoa Bank v. Pacific Reliant Industries*, 20 A.S.R.2d 102, 107 (App. Div. 1992).

As a first question of law, Felei and Lemaga argue that the "*Sotoa* rule" should not have been applied in this instance. The *Sotoa* rule calculates the blood relationship of the candidate to the original titleholder. *In re Matai Title Sotoa*, 2 A.S.R.2d 15 (Land & Titles Div. 1984). When the original titleholder is known, the *Sotoa* rule can be less arbitrary than the traditional rule. However, the *Sotoa* rule is only suited in certain circumstances. The *Sotoa* rule is appropriate where, as in *Sotoa*, the family traditionally traces the blood relationship back to the original titleholder. *See In re Matai Title Sotoa* at 15; *see also In re Matai Title Tauaifaiva*, 5 A.S.R.2d 13, 15 (Land & Titles Div. 1987). Use of the *Sotoa* rule may also be appropriate in cases where some clans of the family have not held the title for several generations, even those its members are entitled to a chance at the title. *See In re Matai Title Laie*, 18 A.S.R.2d 35, 37 (Land & Titles Div. 1991).[1] Finally, use of the *Sotoa* rule may be appropriate where the family history is largely harmonious. *See In re Matai Title Lolo*, 25 A.S.R.2d 175, 176 (Land & Titles Div. 1994).

The circumstances in this case make the use of the *Sotoa* rule appropriate. There is a unanimity as to the original titleholder in family history due to the recent origin of the Misaalefua title. Because of this unanimity, the less arbitrary *Sotoa* rule is appropriate. Therefore, we hold that the trial court properly employed the *Sotoa* rule in ranking the candidates' hereditary rights.

As a second question of law, Lemaga contends that Tauiliili's 1/128 blood level is de minimus, and should be discounted entirely. In support of this contention, appellants rely on dicta in *In re Matai Title Faumuina*, LT No. 1265-72, slip op. at 13 (Trial Div. 1973). This reliance is unfounded for several reasons. First, this language is merely dicta. Second, the trial court's decision in *Faumuina* was reversed and remanded on appeal. *Lutali v. Fuamuina*, AP. No. 70-73 (App. Div. 1974). Finally, the court has recognized candidates with a blood relationship as small as 1/4096. *See*

---

[1] In light of the many recent *matai* title decisions which have awarded title to a candidate who did not prevail on best hereditary right, we question the continued use of the *Sotoa* rule for this equitable purpose.

25

*Asuega v. Manuma*, 4 A.S.R. 616, 624 (Trial Div. 1965), *aff'd*, 4 A.S.R. 947 (App. Div. 1967). We believe a bright line rule on this issue would be arbitrary, and we decline to create one by judicial fiat.[2] Moreover, a conclusion that 1/128 is too tenuous a blood relationship would be particularly inappropriate when using the *Sotoa* rule and measuring blood connections to the original titleholder. The appearance of remoteness many generations later does not diminish the fact of blood connection.

■ Sua and Felei dispute the trial court's application of the *Sotoa* rule, pointing out the evidentiary conflicts in the candidates' claimed genealogies from the original Misaalefua. This contention attacks the trial court's factual findings. Unlike questions of law, this court can set aside the trial court's findings of fact only if the findings are clearly erroneous. A.S.C.A. § 43.0801(b). The trial court was in the unique position to observe each claimant's demeanor on the witness stand. The trier of fact is in the best position to determine the weight and accuracy of the testimony. We hold that the trial court's findings on the candidates' hereditary rankings are sufficient under the clearly erroneous standard.

B. Wish of Majority or Plurality of Clan

■ The trial court found that there were four clans: Tuimalie, Agafala, Vaepala, and Faoliu. Lemaga and Sua assert that this finding is erroneous. We, however, conclude that the trial court's findings as to the current family clans was not clearly erroneous.

■ After determining the clans, the court found that no candidate had the support of the majority or plurality of the clans. Lemaga and Sua argue that the fact that the trial court found that no one prevailed on criterion 2 is a concrete indication that the trial court failed to render adequate findings on this issue. However, Lemaga and Sua fail to recognize that a finding that there was no majority is an adequate finding if it is not clearly erroneous. We believe that the trial court's findings in this regard are sufficient. There was sufficient evidence in the record indicating that no candidate had the support of the plurality or majority of the clans.

C. Criteria 3 and 4

Each appellant except Felei disagrees with the trial court's decision on criterion 3. All appellants dispute the decision on criterion 4. The trial court found that Tauiliili factually prevailed on criteria 3 and 4, and we do not find that this decision was clearly erroneous. Although we agree that a

---

[2] Such a rule is better left to the legislative process.

26

more detailed comparison between the candidates would be helpful, we do not believe the findings are patently insufficient.[3]

## Conclusion

For the reasons set forth above, the trial court's decision is affirmed.

It is so Ordered.

---

[3] We express hope that in future *matai* title case, the trial division will better detail the findings and analysis of these two criteria.